UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| William G. Harden, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| William R. Byars Jr., as successor to Jon E. Ozmint, Director, Director of the South Carolina Department of Corrections; Bernard McKie, Warden, Kirkland Reception and Evaluation Center; Warden of Lieber Correctional Institution in 2009, Name Unknown; Robert M. Stevenson, III, Warden of Broad River Correctional Institution in 2009-2010; Known and Unknown Correctional Officers, 2009-2010; Known and Unknown Medical Personnel, 2009-2010; Unknown Transportation Officers and Supervisors, 2009; and Colie Rushton, Chief of Security, | ) | C/A No. 6:12-604-MGL-KFM<br><br>**REPORT AND RECOMMENDATION** |
| Defendants. | ) | |

William G. Harden ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this § 1983 civil action alleging violations of his constitutional rights. Plaintiff filed the Complaint on March 5, 2012, using a post office box address in Greenville, South Carolina. Compl., ECF No. 1. By Order dated March 19, 2012, Plaintiff was given an opportunity to provide the necessary information and paperwork to bring the case into proper form for evaluation and possible service of process. Order, ECF No. 15. This Court directed Plaintiff that he must keep the Clerk of Court advised in writing if his address changed for any reason and that his case may be dismissed for violating the order. *Id.* Thereafter, Plaintiff filed an Amended Complaint and, with leave of this Court, a Second Amended Complaint. ECF No. 17, 31. This Court entered an Order on April 18, 2012, giving Plaintiff additional time to bring the case into proper form because he sought to add more specifically-identified

defendants, and this Court directed him to submit a Third Amended Complaint. Order, ECF No. 28. On May 11, 2012, Plaintiff filed a motion for extension of time, due to serious illness, to bring the case into proper form within fourteen additional days. Mot., ECF No. 32. This Court granted the motion for extension of time. Order, ECF No. 38. By Order entered June 21, 2012, this Court found that the time to bring the case into proper form had passed, Plaintiff had partially complied with the April 18th Order, and it authorized service of process of the Second Amended Complaint upon five defendants. Order, ECF No. 45. Further, this Court found that Plaintiff had not submitted a Third Amended Complaint although he had been directed to do so; hence, service of process would not be authorized upon certain defendants at that time. Id.

The deputy clerk mailed the June 21st Order to Plaintiff. ECF No. 46. In addition, the deputy clerk mailed to Plaintiff a notice that this case was reassigned to United States District Judge Mary G. Lewis, ECF No. 49, and an Order denying the motion for discovery, ECF No. 51. ECF No. 50, 52. Plaintiff did not receive the recent items mailed to him by the deputy clerk (this Court's June 21st Order, the notice of case reassignment, and the Order denying the motion for discovery) because the United States Postal Service returned them to this Court stamped "attempted - not known, unable to forward." ECF No. 53. Thus, it appears that Plaintiff's address has changed, and he failed to notify this Court of his new address. By failing to notify the Clerk of Court in writing of his change of address, Plaintiff has failed to comply with this Court's March 19, 2012, Order, which Order he did receive via the United States mail.

Rule 41(b) permits dismissal of an action based on a plaintiff's failure to comply with a court order. Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–33

2

(1962). It is recommended that this case should be dismissed *without prejudice* pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

July 27, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).