**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| William G. Harden, )<br> )<br>    Plaintiff, )<br> -vs- )<br> )<br>William R. Byars, Jr., as successor )<br>to Joe E. Ozmint, Director of the )<br>South Carolina Department of )<br>Corrections; Bernard McKie, )<br>Warden Kirkland Reception and )<br>Evaluation Center; Warden of )<br>Lieber Correctional Institution in )<br>2009; Name Unknown; Robert M. )<br>Stevenson, III, Warden of Broad )<br>River Correctional Institution in )<br>2009-2010; Known and Unknown )<br>Correctional Officers, 2009-1010; )<br>Known and Unknown Medical )<br>Personnel, 2009-2010; Unknown )<br>Transportation Officers and )<br>Supervisors, 2009; and Colie )<br>Rushton, Chief of Security, )<br> )<br>    Defendants. )<br>_____) | Civil Action No. 6:12-604-MGL<br><br>**Opinion and Order** |

    Plaintiff William G. Harden, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 on March 5, 2012 alleging violations of his constitutional rights. At the time of the underlying events, Plaintiff was an inmate in custody of the South Carolina Department of Corrections (SCDC). This matter is now before the court upon the Magistrate Judge's Report and Recommendation filed on July 27, 2012, recommending this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the grounds that Plaintiff failed to prosecute the case. More specifically, Plaintiff has failed to comply with this Court's Order of March 19, 2012 directing Plaintiff to bring

this case into proper form for evaluation and possible service of process. The Report and Recommendation sets forth in detail the relevant facts and legal standards in this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983). Rather "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

The Court has thoroughly reviewed the record. The Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. It is therefore **ORDERED** that this case

is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
August 29, 2012